FILED
2011 May-03 AM 09:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

**STEVEN K. GARRARD**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO.**
                                          **4:10-CV-02647-RBP**

**CITY OF ALBERTVILLE,
ALABAMA, a municipal under
the laws of Alabama; BENNY
WOMACK, Chief of Albertville
Police Department under his
official capacity; and
MARSHALL MEDICAL CENTER
SOUTH**
    **Defendants.**

## MEMORANDUM OPINION

This cause comes on to be heard on Plaintiff's Motion for Leave to File Second Amended Complaint in Response to Defendant City of Albertville's and Defendant Chief Benny Womack's Motions to Dismiss filed on January 18, 2011.

The alleged incident upon which plaintiff bases his claims against the defendants occurred on September 30, 2008.

The court has conducted two recorded hearings regarding the pending motions: (1) by telephone on February 23, 2011, and (2) in the courtroom on April 21, 2011. The court has previously dismissed claims against defendants City of Albertville and Police Chief Benny Womack. The purported claims against these two defendants were, at best, conclusory if alleged at all.[1] The plaintiff has acknowledged that there are no allegations which have a factual basis to

---

[1] See *Iqbal* case.

support a custom or policy claim against the City of Albertville or a supervisory or failure to train, etc. claim against Womack.  Defendant Womack may be entitled to qualified immunity on any purported claim even if alleged.

Initially, plaintiff stated that he would like to add David Hahn, Josh Isbell, Chad Ginn and Doug Pollard as defendants.  At the April 21, 2011 hearing, the plaintiff acknowledged that, regardless of any statute of limitations issue, the purported claims against Ginn and Pollard, as to whom there is no claim of participation, are no better than the claim(s) against Womack.  As to Hahn and Isbell, the court reaches only one decisive issue.  That issue is whether the court should allow a *second* amendment to name these parties as defendants to federal § 1983 claims based on a motion filed on January 18, 2011 when, in the absence of special conditions, the statute of limitations as to the purported federal claims ran at least by October 1, 2010.

The parties agree that the statute of limitations as to the § 1983 claims is governed by Alabama law.  *See Bd. of Regents of the Univ. of the State of New York v. Tomanio*, 446 U.S. 478 (1980); *see also Hawthorne v. Wells*, 761 F.2d 1514, 1515 (11th Cir. 1983).  The defendants' argument opposing the motion is that, pursuant to Alabama law, the purported Amended Complaint does not relate back to the filing of the original complaint.  *Saxton v. ACV Industries, Inc.*, 254 F.3d 959 (11th Cir. 2001) and *Crowl v. Kayo Oil Co.*, 848 So.2d 940 (Ala. 2002).  Based upon *Tomanio* and *Saxton*, the court assumes that *Crowl* governs here.  *Crowl*, quoting *Fulmer v. Clark Equipment Co.*, 654 So.2d 45, 46 (Ala. 1995), states that a substitution of a fictitious party is allowed to relate back to the date of the original complaint if the original complaint adequately described the fictitiously–named defendant *and* stated a claim against such defendant, *and* the plaintiff was ignorant of the identity of the defendant *and* used due diligence

in attempting to discover it. 848 So.2d at 937.

The plaintiff has acknowledged that he first began considering discovering the names of defendants as early as January 23, 2009 when he dated a claim.[2] His only effort to learn the names of any purported persons was to state a request to the City of Albertville in about January 2009. There is no indication of any additional effort by the way of an Alabama Rule 27 petition or otherwise. There is no evidence of due diligence; there is no substantial evidence of any diligence. The plaintiff's motion to amend will be denied. An amendment would be futile because of, at least, statute of limitations defenses.

The only issue the court has reached is the "due diligence" one. There may be other reasons to deny the motion for leave to amend.[3]

The court will deny the motion for leave to amend and will further dismiss, with prejudice, any pending federal claims against any party. The court will not take any supplemental jurisdiction of any pending state law claims. Any such state law claims will be dismissed without prejudice.

This the 3rd day of May, 2011.

							*/s/ Robert B. Propst*
							**ROBERT B. PROPST**
							**SENIOR UNITED STATES DISTRICT JUDGE**

---

[2] This action was not brought for 20 months after January 2009, *i.e.*, September 29, 2010. The claim was perhaps filed in March 2009.

[3] The court has not decided whether the initial complaint adequately described any purported defendant. The court has reached the issue that it has regardless of the standing of any defendant to raise the issue. Defendants should not be joined if the claims against them are barred.